IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| King Kong Sushi Bar & Grill, LLC and TKM Enterprises, LLC, | ) CASE NO. 4:16-cv-_____ )  ) |
| Plaintiffs, | )  ) |
| vs. | ) **COMPLAINT**  ) |
| Alyssa Clark, Amanda Clark, Megan Clark, and Michael Williams, | )  )  ) |
| Defendants. | )  ) |

The Petitioners, King Kong Sushi Bar & Grill, LLC and TKM Enterprises, LLC (hereafter collectively referred to as "Petitioners"), would respectively show unto this Honorable Court as follows:

1.  King Kong Sushi Bar & Grill, LLC (hereafter "KKS") is a South Carolina limited liability company operating a restaurant located in the Carolina Forest community near Myrtle Beach, South Carolina.

2.  TKM Enterprises, LLC (hereafter "TKM") is a South Carolina limited liability company operating a restaurant located at Broadway at the Beach in Myrtle Beach, South Carolina.

3.  Kyuwon Choi is the owner and sole member of KKS and TKM.

4.  Alyssa Clark, Amanda Clark, Megan Clark, and Michael Williams (hereafter "Former Employees") are former employees of TKM.

5.  Upon information and belief, Former Employees are citizens and residents of Horry County, South Carolina.

6.  On or about September 28, 2015, Former Employees, through represented counsel, threatened to file suit against Petitioners for alleged violations of the Fair Labor Standards Act, 29

1

U.S.C. § 201, et seq. (hereafter "FLSA") and the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, et seq. (hereafter "Wage Act").

7. Prior to filing suit, Former Employees and Petitioners (hereafter collectively referred to as "the Parties") entered into a Tolling Agreement, to enable the Parties to discuss Former Employees' allegations further, to attempt to resolve outstanding disputes, and to further investigate where appropriate.

8. The Parties entered into four (4) Tolling Agreements, which tolled the statute of limitations for Former Employees' threatened claims against Plaintiffs from September 28, 2015 through May 2, 2016.

9. Petitioners do not admit, have denied, and continue to deny any and all wrongdoing, liability, and/or violation of the FLSA and/or the Wage Act or any other regulation, rule, ordinance, common law, and/or any other applicable law or standard with regard to Former Employees' threatened claims.

10. During the period of the Tolling Agreements, the Parties agreed to resolve Former Employees' threatened claims against Petitioner by entering into a settlement agreement, which is fully encompassed in that document known as "Confidential Settlement Agreement & Mutual Release" (hereafter "Settlement Agreement").[1]

11. In the Settlement Agreement, the Parties agreed to keep the terms of their settlement confidential, and the Parties request this Court approve the settlement between the Parties.

---

[1] The Settlement Agreement has been approved by counsel for the Parties. Signature pages are being circulated to be signed by all Parties.

2

12. The Parties will submit the specific terms of the confidential settlement to the Court for approval, but such terms are not contained in this Petition in an effort to preserve the confidential nature of the Parties' agreement.

13. The Parties believe the settlement reached and agreed upon to be fair and reasonable.

14. Based on the foregoing, the Petitioner hereby move for a Court Order approving the settlement reached by the Parties.

                                            Respectfully submitted,

**McNAIR LAW FIRM, P.A.**

     _s/James K. Gilliam_
James K. Gilliam, Fed. ID #10761
Henrietta U. Golding, Fed. ID #2125
2411 N. Oak Street, Suite 206 (29577)
Post Office Box 336
Myrtle Beach, SC 29578-0336
Phone: 843.444.1107
Fax:     843.443.9137
Email: jgilliam@mcnair.net
       hgolding@mcnair.net
*Attorneys for Petitioners*

Myrtle Beach, South Carolina

February 9, 2016